UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ISHMAEL H. OBAMA, | Case No. 14-10997 |
| Plaintiffs, | George Caram Steeh |
| v. | United States District Judge |
| BENNY NAPOLEAN, | Michael Hluchaniuk |
| JAMES E. SPIVEY, and | United States Magistrate Judge |
| JOHN DOES, | |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
<u>**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 25)**</u>

**I.     PROCEDURAL HISTORY**

On March 6, 2014, plaintiff Ishmael H. Obama, an inmate currently incarcerated in the Arkansas Department of Corrections at the Grimes Unit, filed a complaint pursuant to 42 U.S.C. § 1983, claiming a violation of his rights under the United States Constitution.  (Dkt. 1).  Plaintiff filed a second complaint on April 4, 2014.  (Dkt. 6).[1]  District Judge George Caram Steeh referred this matter to the undersigned for all pretrial proceedings on April 30, 2014.  (Dkt. 12).  On September 3, 2014, plaintiff filed a motion for summary judgment.  (Dkt. 25).  That motion is now ready for report and recommendation.

---

[1] Shawn A. Pennel was initially a named plaintiff when this lawsuit was filed.  However, Mr. Pennel, at his request, was dismissed as a plaintiff in this matter on July 9, 2014.  (Dkt. 21).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment (Dkt. 25) be **DENIED**.

## II.     ANALYSIS AND CONCLUSIONS

Plaintiff moved for summary judgment on September 3, 2014, arguing that the Court must accept the allegations in his complaint as true and undisputed because defendants failed to timely file an answer to his complaint. (Dkt. 25). Specifically, plaintiff argues that a waiver of service was returned executed for defendants, which provided for an answer due date of June 30, 2014, but that as of August 12, 2014, no response or answer had been filed. (*Id.*)  Plaintiff attached a five paragraph affidavit to his motion, restating some of the allegations in his complaint and stating that defendants have not responded to the complaint. (*Id.* Pg ID 77-78).

A review of the docket shows that waivers of service returned executed as to defendants Napolean and Spivey were filed on June 19, 2014, which indicated an answer due date of June 30, 2014. (Dkt. 17, 18). Defendants filed their answer to plaintiff's complaint on August 22, 2014. (Dkt. 22).  Thus, it appears that defendants did not timely file their answer.  However, a defendant's failure to answer or properly answer a complaint does not provide a basis for granting summary judgment.  Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Manuel v. Malone*, 2013 WL 5574976, at *6 (E.D.N.C. Oct. 10, 2013) (collecting cases holding that a late-filed answer does not constitute admission of factual allegations of a complaint for purposes of summary judgment). Plaintiff here has not supported his motion as required under Rule 56(c); instead, plaintiff's motion appears based on defendants' alleged default. However, plaintiff has not requested entry of default against defendants pursuant to Fed. R. Civ. P. 55, defendants have filed their answer, and plaintiff has not alleged that he has suffered any prejudice from the delay in filing the answer, and thus an entry of default would be improper. *See Horacek v. Wilson,* 2008 WL 4093721, at *1 n.1 (E.D. Mich. Aug. 28, 2008) (Rule 55 mandates that a default may only be entered if the defendant has failed to answer or otherwise defend, thus even if the answer was not timely filed, if a defendant answers or otherwise defends before the clerk of the court actually enters a default, no default may enter); *cf. United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) (the Sixth Circuit "favor[s] a policy of resolving cases on the merits instead of on the basis of procedural missteps") (citations omitted). Therefore, plaintiff's motion for summary judgment, based on defendants' failure to timely file their answer to plaintiff's complaint, should be **DENIED**.

**III.  RECOMMENDATION**

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 16, 2014                s/Michael Hluchaniuk
                                      Michael Hluchaniuk
                                      United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on October 16, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participants, at the following addresses: Shawn Pennel #550858, GRIMES UNIT, 300 Corrections Drive, New Port, AR 72112, and Ishmael Obama #145160, GRIMES UNIT, 300 Corrections Drive, New Port, AR 72112.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov