UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISHMAEL H. OBAMA,

      Plaintiff,

                               CASE NO. 14-CV-10997
      v.                       HONORABLE GEORGE CARAM STEEH

BENNY NAPOLEAN, JAMES E.
SPIVEY, and JOHN DOES,

      Defendants.

_____/

ORDER OVERRULING PLAINTIFF'S OBJECTION TO
MAGISTRATE JUDGE'S ORDER (DOC. # 32) ON MOTION
TO DEPOSE WITNESSES THROUGH WRITTEN
COMMUNICATION (DOC. #19) AND MOTION FOR
OBTAINMENT OF MEDICAL RECORDS (DOC. #20)

This action arises out of an alleged January, 2012 police raid of a home in Detroit in which *pro se* plaintiff prisoner Ishmael Obama was present. Plaintiff alleges that during the raid, Wayne County Sheriff Benny Napolean and James Spivey beat and pepper-sprayed another individual and verbally threatened plaintiff. Defendants deny any involvement in the raid and say it was performed by the Detroit Police Department and a state trooper, neither of whom are named as defendants in this matter.[1]

Plaintiff filed a motion to depose witnesses through written communication (Doc. #19) and a motion for obtainment of medical records (Doc. #20). Plaintiff seeks to depose seven witnesses who are inmates at three different facilities in Arkansas.

_____

[1] Pending before the magistrate judge is defendants' motion to dismiss and/or for summary judgment (Doc. #31).

Plaintiff also seeks to compel the Arkansas Department of Corrections, a non-party to this action, to provide him a copy of his own medical records allegedly in their possession for the time period beginning February 4, 2012 through October 27, 2014. The motions were referred to the magistrate judge.

On October 15, 2014, Magistrate Judge Michael Hluchaniuk denied plaintiff's motions. The magistrate judge explained that plaintiff's complaint alleges excessive force and failure to address grievances arising out of the alleged raid, and that plaintiff failed to demonstrate that the seven individuals incarcerated in various Arkansas facilities would provide any relevant testimony. As to the plaintiff's medical records, the magistrate judge stated that absent a subpoena the court lacked jurisdiction to order the Arkansas Department of Corrections, a non-party, to produce documents. In addition, the magistrate judge held that plaintiff failed to demonstrate the relevance of the medical records to the claims in this lawsuit.

Plaintiff filed objections to the magistrate judge's order. Plaintiff argues that the witnesses he wants to depose possess direct information relevant to the claims in his complaint because they were in Michigan at the time of the raid. As to his motion to obtain a copy of his medical records, plaintiff requests that the court direct a subpoena to the Arkansas Department of Corrections requiring production of the records.

A magistrate judge's nondispositive order is reviewed for clear error. 28 U.S.C. § 636(b)(1)(A). "A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001). A magistrate judge's decision on a nondispositive pretrial

matter is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 365, 395 (1948).

The magistrate judge did not clearly err in his order.  Plaintiff did not establish in his motion, or in the objections to the magistrate judge's order, what information the individuals he seeks to depose purportedly have that is relevant to this matter.  It is not alleged that these individuals were present at the home on the day of the raid.

In addition, as it relates to the medical records allegedly in the possession of the Arkansas Department of Corrections, the magistrate judge correctly concluded that (1) plaintiff could attempt to obtain a subpoena pursuant to Federal Rule of Civil Procedure 45; and (2) plaintiff failed to demonstrate the relevance of the medical records to his claims in this lawsuit.  In his objections, plaintiff seeks to have the court issue a subpoena to the Arkansas Department of Corrections.  Under Federal Rule of Civil Procedure 45, however, plaintiff must request the subpoena be issued by the Clerk of the Court.

For these reasons, the court finds that the magistrate judge did not clearly err in denying plaintiff's motions.  Accordingly, Plaintiff's objection to the magistrate judge's order (Doc. #32) is OVERRULED.

IT IS SO ORDERED.

Dated:  November 18, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 18, 2014, by electronic and/or ordinary mail and
also on Ishmael Obama #145160, GRIMES UNIT,
300 Corrections Drive, New Port, AR 72112.

s/Barbara Radke
Deputy Clerk