UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ISHMAEL H. OBAMA, | Case No. 14-10997 |
| Plaintiffs, | George Caram Steeh |
| v. | United States District Judge |
| BENNY NAPOLEAN, | Michael Hluchaniuk |
| JAMES E. SPIVEY, and JOHN DOES, | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 31)**

**I.     PROCEDURAL HISTORY**

On March 6, 2014, plaintiffs Shawn A. Pennel and Ishmael H. Obama, then inmates at the GRIMES Unit of the Arkansas Department of Corrections, filed a complaint pursuant to 42 U.S.C. § 1983, claiming a violation of their rights under the United States Constitution.  (Dkt. 1).  Plaintiffs filed a second complaint on April 4, 2014.  (Dkt. 6).  District Judge George Caram Steeh referred this matter to the undersigned for all pretrial proceedings on April 30, 2014.  (Dkt. 12).

The two complaints purported to be signed by both Pennel and Obama. (Dkt. 1, 6).  However, on May 5, 2014,  Pennel submitted a letter to the Court in which he stated that this matter was filed in his name but that he did not know the complaints were being filed in his name, that he never signed any legal documents

1

and requested that this case be dismissed. (Dkt. 13). On June 11, 2014, the undersigned issued a Report and Recommendation to dismiss Pennel as a party plaintiff to this litigation. (Dkt. 16). The Court adopted the Report and Recommendation and dismissed Pennel as a party on July 9, 2014. (Dkt. 21).

On October 9, 2014, defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and 56(c). (Dkt. 31). Plaintiff filed a response opposing defendant's motion on October 30, 2014. (Dkt. 35). Defendants' motion is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss (Dkt. 31) be **GRANTED**, and plaintiff's complaint be **DISMISSED**.

## II.     FACTUAL BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983, claiming a violation of his rights under the United States Constitution. (Dkts. 1, 6). Plaintiff claims that the defendants used excessive force in apprehending non-party Pennel during an alleged raid at a home in Detroit in January 2012 by the Detroit Police Department and Michigan State Troopers. (Dkt. 6). Plaintiff further alleges a failure to discipline the officers involved in the alleged raid. (*Id.*) Plaintiff seeks declaratory relief, as well as compensatory and punitive damages. (*Id.*)

### III. ANALYSIS AND CONCLUSIONS

#### A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Association of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted)). And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted)); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (the factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to

3

relief.").

The Sixth Circuit recognized that in *Erickson v. Pardus*, 551 U.S. 89 (2007), "a case decided just two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against his captor is not required to state [s]pecific facts in their complaint; and *Twombly* itself suggests that its holding may be limited to cases likely to produce sprawling, costly, and hugely time-consuming litigation." *U.S. v. Ford Motor Co.*, 532 F.3d 496 (6th Cir. 2008) (citations and internal quotation marks omitted). The Sixth Circuit applied a more stringent pleading standard in *U.S. v. Ford* because a fraud claim was involved, which requires the application of the heightened pleading standard set forth in Rule 9(b), rather than the more liberal pleading standard found in Rule 8(a)(2). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citation omitted). Thus, when applying *Twombly*, except as to a claim of fraud, the Court must still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93-94 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to liberally construe" the *pro se*

4

complaint at issue.).

Generally if a court considers matters outside of the pleadings, the court must convert the motion into one for summary judgment under Rule 56.  However, "[w]hen a court is presented with a 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (noting that the Sixth Circuit has "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to h[is] claim'") (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  "[I]n general, a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned." *Passa v. City of Columbus*, 123 Fed. Appx. 694, 697 (6th Cir. 2005).

    **B.**    **Verbal Threats Directed to Plaintiff Fail to State a Claim Upon Which Relief May Be Granted**

Plaintiff alleges that he and non-party Pennel were together during a law enforcement raid on a residence in Detroit in January 2012.  (Dkt. 6, ¶¶ 7,8).

5

Plaintiff alleges that Pennel hid from law enforcement officers, but was found, cuffed, sprayed with mace and beaten unconscious. (*Id.*) Plaintiff alleges that defendants threatened to similarly assault him if he did not "move along." (*Id.*) According to the allegations contained in plaintiff's complaint, only Pennel, and not plaintiff, was physically assaulted by defendants during the January 2012 raid; plaintiff merely received verbal threats. (*Id.*)

The Sixth Circuit has held that verbal threats and verbal abuse are not constitutional violations cognizable under § 1983. *Zolnierek v. City of Bay City*, 2009 WL 1950745, at *2 (E.D. Mich. July 2, 2009) (citing *Emmons v. McLaughlin,* 874 F.2d 351, 353 (6th Cir. 1989) (finding that harassment and threats, which caused Plaintiff to "fear for his life," were not an infringement of a constitutional right and, therefore, not actionable under § 1983)). Because verbal threats are not a constitutional violation, plaintiff's claims regarding the threats directed to him fail as a matter of law. *See Zolnierek*, 2009 WL 1950745, at *2.

### C. Plaintiff Lacks Standing to Assert Claims For Excessive Force Used Upon Non-Party Pennel

A plaintiff must meet both constitutional and prudential requirements to establish individual standing. To meet the minimum constitutional standards for individual standing under Article III, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent,

not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Smith v. Jefferson Cty. Bd. of School Comm'rs*, 641 F.3d 197, 206 (6th Cir. 2011) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180-81 (2000)). The Supreme Court "'repeatedly has rejected claims of standing predicated on the right, possessed by every citizen, to require that the Government be administered according to law.'" *Smith*, 641 F.3d at 206 (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464 (1982)).

A plaintiff must also meet the prudential requirements for standing developed by the Supreme Court. *Smith*, 641 F.3d at 206. For prudential standing, a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties. *Id*; *see also*, *Gregory v. McKennon*, 430 Fed. Appx. 306, 310 (5th Cir. 2011) (prisoners lack standing to seek § 1983 damages for violations of other prisoners' rights). According to plaintiff's complaint, defendants allegedly used excessive physical force only on non-party Pennel, not plaintiff. (Dkts. 1, 6). Plaintiff cannot rest his § 1983 claim on the excessive force used against a third party (Pennel) and thus his claim fails as a matter of law.

7

### D. Plaintiff's Claim for Failure to Discipline Arresting Officers Fails As A Matter of Law

Plaintiff's remaining allegation against defendants for failing to discipline officers involved in the January 2012 raid are likewise insufficient to state a cognizable claim. There can be no supervisory § 1983 liability for failure to discipline an officer if there is no underlying constitutional violation. *Whitlow v. City of Louisville*, 39 Fed. Appx. 297, 302 (6th Cir. 2002); *see also*, *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (if the police inflicted no constitutional injury on plaintiff, it is inconceivable that the supervising municipality could be liable); *Petty v. Franklin County.,* 478 F.3d 341, 347 (6th Cir. 2007) (a suit against a county sheriff in his official capacity is to be treated as a suit against the county); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (to establish personal liability under §1983, plaintiff must establish government official caused deprivation of plaintiff's constitutional right). Because plaintiff has not alleged a viable claim that his own constitutional rights were violated by the officers conducting the January 2012 raid, his claims against defendants for failure to discipline those officers must likewise fail.

## IV.   RECOMMENDATION

Based on the above, the undersigned **RECOMMENDS** that defendant's motion to dismiss (Dkt. 31) be **GRANTED**, and plaintiff's complaint be

**DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: May 5, 2015                     s/Michael Hluchaniuk
                                      Michael Hluchaniuk
                                      United States Magistrate Judge

# CERTIFICATE OF SERVICE

     I certify that on May 5, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the attorneys of record , and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Ishmael Obama, #145160, Varner Supermax Unit, P.O. Box 600, Grady, AR 71644.

                                          s/Tammy Hallwood
                                          Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov